UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JARLYN JOHNSON | CIVIL ACTION |
| VERSUS | NO. 26-1175 |
| DELAWARE NORTH COMPANIES, INC., ET AL. | SECTION: "J"(5) |

## ORDER & REASONS

Before the Court is *Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)* **(Rec. Doc. 10)** filed by Defendants Delaware North Companies, Inc., Areas USA, LLC, and Areas MSY (collectively "Defendants"). Plaintiff Jarlyn Johnson opposes the motion. (Rec. Doc. 12). Defendants have filed their reply. (Rec. Doc. 13). After considering the motion, the memorandum, the record, and the applicable law, the Court finds that the motion should be **GRANTED**.

## FACTS AND PROCEDURAL HISTORY

The following factual allegations derive from Plaintiff Johnson's *pro se* Complaint. This employment discrimination dispute arises from Johnson's termination with Defendant Delaware North Companies where she worked as a multi-unit manager at the Louis Armstrong New Orleans International Airport ("MSY").

On June 13, 2025, Delaware North terminated Johnson's employment after a female internal candidate complained that Johnson did not select the internal candidate for a promotion. Johnson provided a written explanation of her hiring decision to a Delaware North Human Resources (HR) coordinator. Citing the internal

candidate's work performance and her unit's operational needs, Johnson followed gender-neutral hiring procedures and based her hiring decision on the candidate's qualifications. However, the HR coordinator rejected Johnson's explanation and instead used an "unrelated, off-hand remark as a pretext to finalize [Johnson]'s termination." (Rec. Doc. 1, at 9).

After an undetermined amount of time had passed, Defendant Areas USA assumed operations at MSY. Johnson's former general manager expressed an interest in rehiring her due to her strong work history. However, Areas HR declined to rehire Johnson after consulting with the same Delaware North HR coordinator involved in the original termination.

Johnson filed a charge with the Equal Employment Opportunity Commission (EEOC) on January 29, 2026. An EEOC interview took place between the EEOC investigator and the same Delaware HR coordinator who was involved in Johnson's termination and failure to rehire. On March 16, 2026, the EEOC issued Johnson a Notice of Right to Sue letter. She filed her original Complaint on June 1, 2026, raising sex/gender discrimination and retaliation claims under both Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), 3(a), and the Louisiana Employment Discrimination Law (LEDL). La. Rev. Stat. Ann. § 23:332(A)(1).

## LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead sufficient facts to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The factual allegations in the Complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "[D]etailed factual allegations" are not required, but the pleading must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. The court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009). However, "'conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss.'" *Beavers v. Metro. Life Ins. Co.*, 566 F.3d 436, 439 (5th Cir. 2009) (citation omitted).

When considering a Rule 12(b)(6) motion to dismiss, a court must restrict its analysis "to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing Fed. R. Civ. P. 12(b)(6)). Typically, if the movant presents "matters outside the pleadings" and the court chooses not to exclude them, the court must treat the motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(b)(6). If a document is only referenced rather than attached to the plaintiff's complaint, then the court may not incorporate the referenced document into the complaint. *See Scanlan v. Tex. A & M Univ.,* 343 F.3d 533, 536-37 (5th Cir. 2003).

## DISCUSSION

Construing Johnson's sparse Complaint liberally, *Andrade v. Gonzalez*, 459 F.3d 538, 543 (5th Cir. 2006), this Court will address Johnson's claims of (1) Title VII sex discrimination, (2) Title VII retaliation[1], (3) sex discrimination under LEDL, and (4) retaliation under LEDL.

### A. Title VII Sex Discrimination

To prevail under a Title VII sex/gender discrimination claim, a plaintiff must establish that she is (1) a member of a protected group, (2) was qualified for the position at issue, (3) suffered an adverse employment action, and (4) was treated less favorably than other similarly situated employees outside the protected group. *Haire v. Bd. of Supervisors of La. State. Univ. Agric. and Mech. Coll.*, 719 F.3d 356, 363 (5th Cir. 2013). Title VII provides that a sex discrimination claim is established when the plaintiff shows sex was a motivating factor with regards to "fail[ing] or refus[ing] to hire or to discharge any individual," or with respect to the plaintiff's "compensation, terms, conditions, or privileges of employment." 42 U.S.C. § 2000e-2(a)(1), (m).

In her Opposition to Defendants' Motion to Dismiss, Johnson alleges that Defendants engaged in sex discrimination when they terminated her due to a "sex-related dispute arising from her managerial hiring decision between two internal candidates." (Rec. Doc. 12, at 4). Defendants argue Johnson has not plausibly pled

[1] Defendants depict Johnson's Title VII retaliation claim as separate claims of "retaliatory termination" and "retaliatory refusal to rehire." (Rec. Doc. 10, at 1). These are distinct theories of liability based on separate adverse employment actions rather than two separate statutory causes of actions. *See Hamilton v. Dallas Cnty.*, 79 F.4th 494, 506 (5th Cir. 2023) (citing 42 U.S.C. § 2000e-2(a)(1)).

sufficient facts showing that Defendants discriminated against for being female and that she did not identify a similarly situated male comparator whom Defendants treated more favorably. (Rec. Doc. 10-1, at 8). The Court agrees with Defendants.

Here, Johnson neither states any facts showing that Defendants terminated her *because* of her sex nor does she connect how Defendants' decision to terminate her was motivated by her sex. *See* 42 U.S.C. § 2000e-2(m). Rather, her Complaint states Delaware North HR terminated Johnson after she made an "unrelated, off-hand remark" and after a female internal candidate complained that Johnson had not selected her for a promotion (Rec. Doc. 1, at 9). Although Johnson characterizes the female candidate's complaint as "sex-related," a workplace dispute involving sex does not automatically convert the claim into a Title VII sex discrimination. *Id.* Ergo, these facts do not create a reasonable inference that Defendants terminated Johnson because of her sex.

Moreover, Johnson's Complaint does not contain any factual allegations supporting a reasonable inference of a similarly situated male comparator whom the Defendants treated more favorably. A plaintiff need not submit evidence to establish prima facie discrimination at a motion to dismiss stage but must at least plead plausible and sufficient facts on "'all of the *ultimate elements* of a disparate treatment claim.'" *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (alteration in original)).

Because Johnson's Complaint states nothing about a similarly situated male comparator, this Court finds she did not sufficiently plead sufficient facts giving rise to an inference of a Title VII sex discrimination claim.

**B. <u>Title VII Retaliation</u>**

A plaintiff establishes prima facie retaliation by showing that: (1) the plaintiff engaged in a protected activity under Title VII; (2) the plaintiff endured an adverse employment action; and (3) a causal connection existed between the protected activity and the adverse employment action. *Ackel v. Nat'l Commc'ns, Inc.*, 339 F.3d 376, 386 (5th Cir. 2003).

Johnson asserts that her termination was retaliatory because it was tied to a protected activity: the "sex-related dispute" arising out of the complaint made by the female candidate. (Rec. Doc. 12, at 4). She also claims Areas HR's refusal to rehire was directly connected to her "prior protected activity" and her termination. (Rec. Doc. 1, at 9). Overall, she contends that the close temporal proximity between the female candidate's "sex-related" complaint, her termination, and Defendants' refusal to rehire her support a plausible inference of retaliation under Title VII. (Rec. Doc. 12, at 4-5).

Defendants argue Johnson's retaliation claim fails because she did not plead engaging in any protected activity within the meaning of Title VII. (Rec. Doc. 10-1, at 9-10); (Rec. Doc. 13, at 2-3). Defendants argue Johnson neither plausibly alleges partaking in a protected activity nor Defendants' awareness of her protected activity. (Rec. Doc. 13, at 3).

This Court finds that Johnson has not sufficiently pled that she engaged in a Title VII protected activity before her termination. Title VII protected activities include an employee's opposition to unlawful employment practices or participation in a workplace investigation. 42 U.S.C. § 2000e-3(a); *Green v. Admin. of the Tulane Educ. Fund*, 284 F.3d 642, 657 (5th Cir. 2002). Notably, the United States Court of Appeals for the Fifth Circuit previously established that an employee's participation in an internal employer investigation unaffiliated with a formal EEOC proceeding does not qualify as a protected activity under Title VII's anti-retaliation provision. *E.E.O.C. v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 n.2 (5th Cir. 2016).

Based on the sparse facts alleged in her Complaint, Johnson's written explanation of her hiring decision and the female candidate's "sex-related" complaint do not qualify as a Title VII protected activities. Johnson alleges the written explanation of her hiring decision discussed only her unit's operational needs and the gender-neutral hiring procedures she followed—not any opposition to unlawful employment practices.[2] Johnson never alleges the female candidate's complaint pertain to unlawful employment practices directed against Johnson *herself*. Moreover, Johnson's Complaint does not mention that she participated in an EEOC-related investigation or expressed concerns to her employer about any unlawful

[2] Although Johnson expands on the facts surrounding her hiring decision in her Response to Defendants' Motion to Dismiss, Rec. Doc. 12, at 3, a court must restrict its analysis "to the contents of the pleadings, including attachments thereto." *Collins*, 224 F.3d at 498. Because Johnson never clearly states that these additional facts were also included in her written hiring decision explanation to HR, this Court cannot consider and incorporate those added facts as part of Johnson's Complaint.

employment practices directed at her *before* she was fired or *before* she was considered for rehire.

Effectively, because Johnson has not plausibly pled sufficient facts that she exercised her rights in a Title VII protected activity, her Title VII retaliatory refusal to rehire theory also fails. Although a refusal to hire or rehire may constitute a materially adverse action in an appropriate case, a plaintiff must still establish a prima facie case of retaliation by pleading facts showing that the adverse action was causally connected to protected activity. *See Harmon v. Collier*, 158 F.4th 595, 617 (5th Cir. 2025) (holding that a refusal to rehire retaliation claim requires demonstrating the defendant's retaliatory animus was the but-for causation of the failure to rehire). "[A]n employer cannot be guilty of retaliation for an employee's opposition to discrimination unless he is aware of that opposition." *Corley v. Jackson Police Dept.*, 639 F.2d 1296, 1300 (5th Cir. 1981); *accord Casarez v. Burlington N./Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999) (concluding no Title VII retaliation claim where a terminated employee failed to show his former employer's knowledge of his EEOC charge filed before he applied for another position).

Here, Johnson's Complaint does not plead sufficient facts to state a plausible claim of Title VII retaliation under a refusal to rehire theory. Johnson does not provide dates or details as to how and when her general manager "attempted to rehire." (Rec. Doc. 1, at 9). Nor does Johnson state she had filed an EEOC charge against Defendants *before* they decided not to rehire her. Rather, Johnson only alleges having filed a single EEOC charge approximately six months *after* her June

2025 termination date, and that "HR blocked [her] return" after Areas HR consulted with Delaware North HR. (Rec. Doc. 12, at 5).

Further, while Johnson provides sufficient facts leading to a reasonable inference that Defendants were aware of her termination, this awareness does not translate to Defendants' awareness of her protected activity. Like in *Casarez v. Burlington N./Santa Fe Co.*, where the terminated employee failed to demonstrate his employer's knowledge of his EEOC charge filed before he had applied for a job, Johnson also does not allege that Delaware North HR or Areas HR were aware of any EEOC charge filed before their consideration to rehire her, that she opposed Defendants' unlawful employment practices, or that she exercised in any other protected conduct. 193 F.3d at 339. In fact, Johnson only offers that "[d]uring the EEOC interview, the investigator focused on the conduct of corporate management and the HR coordinator involved in both the termination and the refusal to rehire." *Id.* Because the EEOC interview took place *after* Defendants refused to rehire Johnson, this Court finds these facts insufficient to support a reasonable inference that the refusal to rehire was "directly connected to [Johnson]'s prior protected activity and the discriminatory termination." *Id.*

Therefore, this Court finds that Johnson has not pled sufficient facts of her engagement in a Title VII protected activity *before* her termination and refusal to rehire.

### C. LEDL Claims of Sex Discrimination and Retaliation

The Louisiana Employment Discrimination Law (LEDL) prohibits an employer from discriminating against an individual based on race, color, religion, sex, age, or national origin. La. Rev. Stat. Ann. § 23:332(A)(1). Because the scope of the LEDL is the same as Title VII, claims under the LEDL are analyzed under the Title VII framework and jurisprudential precedent. *See DeCorte v. Jordan*, 497 F.3d 433, 437 (5th Cir. 2007) ("Claims of racial discrimination in employment, pursuant to . . . the [LEDL], are governed by the same analysis as that employed for such claims under Title VII."); *Alderman v. Great Atlantic & Pacific Tea Co., Inc.,* 332 F. Supp. 2d 932, 936 (E.D. La. 2004) (noting Louisiana courts consistently look to federal employment discrimination jurisprudence when interpreting LEDL claims).

Because Johnson fails to allege facts sufficient to support her Title VII sex discrimination and retaliation claims, her parallel sex discrimination and retaliation claims under LEDL necessarily fail to state a claim upon which relief can be granted. As such, this Court finds all of Johnson's LEDL claims were not plausibly pled.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' *Motion to Dismiss Pursuant to Federal Rules of Civil Procedure 12(b)(6)* **(Rec. Doc. 10)** is **GRANTED**, and judgment on these claims are rendered against Johnson and in favor of Defendants.

**IT IS FURTHER ORDERED** that Johnson has leave to file an amended complaint. In her amended complaint, Johnson should explain fully and specifically

what she believes Defendants did to violate Title VII of the Civil Rights Act of 1964 and the Louisiana Employment Discrimination Law, and why she believes she is entitled to relief. Johnson shall have twenty-one (21) days from the issuance of this order to amend her Complaint and remedy the pleading deficiencies identified herein. Johnson's failure to do so shall result in her claims being dismissed with prejudice.

New Orleans, Louisiana, this 16th day of September, 2026.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE